The STATE of Ohio, Appellee,

v.

PIRMAN, Appellant.■

[Cite as *State v. Pirman* (1994), 94 Ohio App.3d 203.]

Court of Appeals of Ohio,
Lake County.

No. 93–L–037.

Decided April 4, 1994.

Steven C. LaTourette, Lake County Prosecuting Attorney, and Ariana E. Tarighati, Assistant Prosecuting Attorney, for appellee.

Albert L. Purola and Lisa A. Neroda, for appellant.

NADER, Judge.

This appeal is from a judgment of the Lake County Court of Common Pleas entered upon the jury verdict finding appellant, Cathy L. Pirman, guilty of two counts of corrupting a minor in violation of R.C. 2907.04, and from an order denying appellant's motion for new trial made pursuant to Crim.R. 33(A)(6).

On July 8, 1992, appellant was indicted on two counts for the corruption of a minor. Appellant entered a plea of not guilty on July 10, 1992. A trial was conducted on November 19, 20, and 23, 1992. Following deliberations, the jury found appellant guilty on both counts on November 25, 1992. On December 8, 1992, the trial court entered judgment on the verdict but delayed sentencing pending presentence investigation and psychiatric examination.

On December 9, 1992, appellant filed a motion for a new trial. Attached to this motion was the affidavit of Steven G. Drapp III, in which the minor recanted his trial testimony that he and appellant had engaged in fellatio and intercourse on February 14, 1992. A hearing on this motion was held on January 25, 1993. On February 25, 1993, the trial court entered its opinion and journal entry denying the motion for new trial.

On March 4, 1993, the trial court denied appellant's motion to stay the execution of sentence during the pendency of her appeal.

In an entry filed March 5, 1993, the trial court ordered Count 2 merged into Count 1 on the authority that the counts were allied offenses of similar import, and sentenced appellant to a definite term of incarceration of one year on the first count.

On March 5, 1993, appellant filed her notice of appeal and made an application to this court for bail pending appeal. On March 10, 1993, this court stayed execution of sentence upon condition that bond be posted and appellant have no contact with Steven Drapp, Jamie Fiore, and Mark Canzone. On August 24, 1993, appellee filed a motion to revoke bond and stay of execution on the ground

that appellant had violated the second condition set forth in this court's order of March 10, 1993. An evidentiary hearing on this motion was held on November 8 and 9, 1993. By judgment entry dated November 15, 1993, this court revoked bond and rescinded its prior order staying execution of sentence, finding beyond a reasonable doubt that appellant had violated the condition regarding contact with the minors▮

Steven Drapp and Jamie Fiore testified at trial, as state's witnesses, to the following facts and circumstances which gave rise to the instant criminal prosecution. Drapp and Fiore had met appellant in the summer of 1991. Appellant had been told that both were fourteen years of age at the time. During the next year, the two youths met with appellant nearly every day. Appellant would frequently take them to amusement parks, to malls, and to the movies. Occasionally, appellant would also bring along her daughter and son, ages twelve and nine, respectively, at the time of trial.

On February 14, 1992, Fiore and Drapp were at the Great Lakes Mall in Mentor, where they had just seen a movie. They called appellant and asked her to pick them up. When she arrived in her Buick, she permitted Fiore to drive around in the parking lot and then to Fiore's home to sneak out liquor. Fiore then drove to appellant's house to switch to a smaller car which, he knew from prior experience, he could handle better.

At some point between the mall and appellant's house, physical contact between Drapp and appellant occurred. Drapp testified that appellant put her hand down his pants and fondled his penis. Fiore testified that Drapp initiated this contact, and that appellant was resistant and then refused.

After switching to the smaller car, Fiore drove Drapp and appellant around Mentor and Eastlake "aimlessly," while engaging in small talk, listening to music, and drinking alcohol. At some point in the evening, Fiore turned up the radio and conversation ceased. Appellant and Drapp were both in the back seat.

Drapp testified that appellant then placed her hand down his pants and that she later began performing fellatio on him. Drapp stated that he then got on top of appellant, whereupon they engaged in sexual intercourse. Fiore testified at trial, contrary to his statement in his police report, that he did not observe any sexual act. However, he testified that when he turned his head around to tell Drapp that it was nearly time for Drapp to be home, he observed Drapp "straddling" appellant and observed some "bare skin."

Appellant presents five assignments of error:

"1. The trial court abused its discretion when denying Cathy Pirman's request for new trial after complaining witness Steven Drapp recanted his trial testimony.

"2. The trial court erred to the prejudice of Cathy Pirman when denying the right to cross-examine the complaining witness Stephen Drapp concerning his juvenile record.

"3. The trial court abused its discretion when failing to order a mistrial.

"4. The evidence was insufficient to support the verdict according to motion for judgment of acquittal pursuant to Criminal Rule 29, [which] should have been granted.

"5. The jury verdict was against by [*sic*] the manifest weight of the evidence."

In her first assignment of error, appellant presents two distinct arguments. First, appellant contends that the trial court abused its discretion in denying her motion for new trial. Second, appellant asserts that her due process rights were violated when the prosecutor charged Drapp with perjury based upon his affidavit submitted with appellant's motion for new trial. The second argument shall be addressed first.

Drapp stated in his affidavit that he lied when he testified at trial that he and appellant had engaged in sexual acts on February 14, 1992. Drapp explained in the affidavit that he felt trapped into testifying at trial in a manner consistent with a prior false police statement. Drapp was charged with the offense of perjury before the hearing on the new trial motion. At the motion hearing, Drapp invoked the Fifth Amendment upon the advice of counsel and refused to testify.

Appellant asks this court to invoke a presumption that the actions of the prosecutor's office in charging Drapp arose from vindictiveness against appellant for exercising her right to collaterally challenge her conviction, citing as authority *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, overruled on other grounds in *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865, and *Blackledge v. Perry* (1974), 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628.

In *Pearce,* the court held that there can be no increase in a criminal sentence upon reconviction at a second trial after the first conviction had been overturned on appeal and remanded for a new trial, unless objective information affirmatively appears in the record justifying the increased sentence. See, also, *State v. Mitcham* (Apr. 23, 1993), Ashtabula App. No. 92-A-1693, unreported, 1993 WL 164713.

In *Blackledge,* it was held that an indictment and conviction, following a trial *de novo* on a felony charge, in a superior court, after an appeal from a misdemeanor conviction, in an inferior court, violated the defendant's right to be free from governmental vindictiveness for exercising his right to appeal.

*Pearce* and *Blackledge* established that, in cases where a reasonable likelihood of governmental vindictiveness exists, a presumption of vindictiveness arises whenever a greater penalty is imposed upon a defendant following his or her exercise of the right to seek a retrial of issues previously decided. See *United States v. Goodwin* (1982), 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74; *State v. Johnson* (1991), 77 Ohio App.3d 212, 601 N.E.2d 555.

A review of the record discloses that counsel for appellant failed to raise the present issue at the hearing on the new trial motion. Ordinarily, an appellate court will not consider a claimed error which counsel could have called, but did not call, to a trial court's attention, at a time when the error could have been avoided or corrected. *State v. Gordon* (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243, paragraph two of the syllabus. As no objection was raised below, the issue is waived unless it can be determined that plain error has occurred under Crim.R. 52(B). See *State v. Caldwell* (1992), 79 Ohio App.3d 667, 672, 607 N.E.2d 1096, 1099–1100; *State v. Strobel* (1988), 51 Ohio App.3d 31, 39, 554 N.E.2d 916, 924–925.

This court concludes that plain error does not exist and that the presumption appellant would have us invoke is unwarranted under the instant facts. Appellant has not been charged with a new offense nor has she received a harsher sentence following retrial. Any effect upon appellant arising from the perjury charge against Drapp was merely indirect. By making a second sworn statement which was contradictory to the first, Drapp clearly became subject to criminal charges for perjury. See R.C. 2921.11(D). This court does not find that a reasonable likelihood of prosecutional vindictiveness exists, and, therefore, refuses to establish a prophylactic rule restraining prosecutors from exercising their authority to commence criminal actions against criminal offenders.[2]

Appellant also argues that the trial court's decision denying her motion for new trial was an abuse of discretion.

Appellant moved for a new trial based upon newly discovered evidence pursuant to Crim.R. 33(A)(6). The newly discovered evidence was the recanting testimony by affidavit of the prosecution's chief witness, Steven Drapp. At the

---

2. Although not important to our analysis, we note that Drapp was subsequently convicted of perjury, having stipulated to the fact that his affidavit testimony was false. See *In re Drapp* (Mar. 4, 1994), Lake App. No. 93–L–069, unreported, 1994 WL 102237.

hearing on the motion, appellant called her daughter, Lorie Pirman, to the stand. Lorie testified that Drapp had told her on several occasions that he had lied at trial. Lorie further testified that she and Drapp were girlfriend and boyfriend at this time, which was shortly after the conclusion of her mother's trial.

On the issue of whether recanted testimony warrants a new trial, it has been held:

"Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial. The determination of such matters rests in the sound discretion of the trial court, whose action will not be set aside except for clear and manifest abuse." *State v. Curnutt* (1948), 84 Ohio App. 101, 39 O.O. 120, 84 N.E.2d 230, paragraph three of the syllabus.

Moreover, this court has previously stated:

"When a motion for a new trial based on the recantation of trial testimony is brought in the trial court, the trial court must determine which of the contradictory testimonies of the recanting witness is credible and true and would the recanted testimony have materially affected the outcome of the trial. *Toledo v. Easterling* (1985), 26 Ohio App.3d 59 [26 OBR 233, 498 N.E.2d 198] syllabus three. In order to overturn a trial court's determination of a motion for a new trial on grounds of newly discovered evidence, there must be a clear showing of abuse of discretion. *State v. Williams* (1975), 43 Ohio St.2d 88 [72 O.O.2d 49, 330 N.E.2d 891]." *State v. Betz* (Mar. 2, 1990), Trumbull App. No. 3906, unreported, at 4–5, 1990 WL 20057.

This court concludes that the trial court did not abuse its discretion in placing greater credibility upon Drapp's trial testimony than upon his subsequent recantation. The state produced substantial evidence at the hearing, including the testimony of James Fiore, the testimony of Frank Southall of Intermessage and Communications, Inc., a taped conversation between Fiore and appellant, and various bank records, which tend to prove that Drapp had been offered drugs, money and a pager in exchange for the recantation of his trial testimony.

Accordingly, appellant's first assignment of error is without merit.

For her second assignment of error, appellant alleges she was denied a fair trial by the trial court's refusal to allow cross-examination of Drapp concerning his juvenile record. The cross-examination sought by appellant was excluded pursuant to Evid.R. 609(D) and R.C. 2151.358(H), which, generally, render inadmissible prior juvenile court adjudications. Appellant relies upon *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, in which the court

held, upon the facts before it, that the Sixth Amendment right of confrontation was paramount to a state's policy of protecting a juvenile offender.

Appellee correctly asserts that the right protected in *Davis* was the right to cross-examine for the specific purpose of showing a witness's potential bias. *Davis* and its progeny do not mandate an opportunity for cross-examination by use of juvenile records for the sole purpose of discrediting the general character of the juvenile witness. See *State v. Lukens* (1990), 66 Ohio App.3d 794, 801, 586 N.E.2d 1099, 1104–1105; *State v. White* (1982), 6 Ohio App.3d 1, 6 OBR 23, 451 N.E.2d 533. Cf. *State v. Lesher* (Oct. 8, 1993), Geauga App. No. 92–G–1681, unreported, at 3, 1993 WL 512853.

A defendant who seeks to cross-examine a juvenile witness with juvenile records must "present some plausible showing" as to a proper purpose and use which would not include an attempt to merely impeach the witness's credibility. *Lukens*, 66 Ohio App.3d at 803, 586 N.E.2d at 1105–1106. Nothing in the record in the instant case even suggests that Drapp's juvenile records were sought to be used other than for the purpose of attacking his character. Counsel's statement, at trial, preserving the objection to the trial court's ruling, did not present appellant's basis for the cross-examination, and the only purpose asserted in her appellate brief involves the introduction of the issue of "theft which has historically been of great value in criminal trials as a factor to be considered in judging credibility." Further, it does not appear that appellant could have made the necessary showing. The record does not reflect that Drapp was on probationary status at any relevant time, cf. *Davis*, nor is there any suggestion that the alleged theft offenses have any relation to the instant case or to appellant.

The juvenile records of Steven Drapp were properly excluded pursuant to Evid.R. 609(D). Appellant's second assignment of error is without merit.

In her third assignment, appellant asserts an abuse of discretion in the trial court's denial of a mistrial motion.

Steven Drapp, while testifying at trial to the sequential order of events on the evening of February 14, 1992, which led to the first reported sexual contact with appellant, testified that it was preceded by an "argument" between himself and appellant. He stated that the argument arose concerning a dispute he and a friend had as to who had the larger penis. Following this conservation, Drapp continued, appellant placed her hand down his pants. Appellant's counsel timely objected to the inquiry as to the nature of the argument between Drapp and his friend.

*Lukens*, 66 Ohio App.3d at 809, 586 N.E.2d at 1109–1110, states:

"In general, the granting of a mistrial lies within the sound discretion of the trial court, *State v. Palmieri* (App.1938), 13 O.O. 517 [28 Ohio Law Abs. 398], 46 N.E.2d 318, and should not be ordered in a criminal case merely because some error or irregularity has intervened, unless the substantial rights of the accused or the prosecution are adversely affected. *Bowman v. Alvis* (1950), 88 Ohio App. 229, 44 O.O. 389, 96 N.E.2d 605." See, also, *Lesher* at 9.

Although Drapp's testimony was relevant, it was also potentially prejudicial as it permitted the inference that appellant may have had intimate knowledge of the anatomy of Drapp's friend. However, we do not reach an analysis under Evid.R. 403 as the trial court immediately issued an instruction to the jury to disregard the testimony.

"A presumption always exists that the jury has followed the instructions given to it by the trial court." *Pang v. Minch* (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313, paragraph four of the syllabus.

In *Lesher*, the defendant was charged with and convicted of child endangerment in connection with instances in which he had placed his mouth on the breast of his eleven-year-old stepdaughter. He appealed the conviction, in part asserting prejudicial error in the denial of a mistrial motion, based upon the victim's statement before the jury that she had been adjudged to be an abused child by the juvenile court because of the defendant's actions for which he was being tried. After quoting *Pang v. Minch, supra*, this court held:

"One seemingly unresponsive comment by the state's witness, in light of the trial court's extensive instructions that it be disregarded, does not require a mistrial." *Lesher, supra*, at 10.

In the instant case, the single comment at issue, immediately being followed by the trial court's instruction to disregard, does not, in the absence of other evidence to the contrary, overcome the presumption that the jury followed the instruction. Accordingly, appellant's third assignment lacks merit.

Appellant's fourth assignment asserts error in the trial court's denial of her Crim.R. 29 motion for acquittal.

In *State v. Smith* (1991), 61 Ohio St.3d 284, 289, 574 N.E.2d 510, 515–516, the Supreme Court of Ohio stated:

"In a review for sufficiency, the evidence must be considered in a light most favorable to the prosecution. *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; *State v. Davis* (1988), 38 Ohio St.3d 361, 365, 528 N.E.2d 925, 930. As we have held:

" 'A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an

offense have been proven beyond a reasonable doubt.' *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus."

■ Viewed in a light most favorable to the prosecution, the testimony of James Fiore and Steven Drapp constituted sufficient evidence to withstand a Crim.R. 29 motion for acquittal. Appellant has not presented this court with any authority indicating that the length of jury deliberations prior to reaching a verdict has any significant import upon an appellate court's review for sufficiency. Additionally, the lack of memory by Drapp regarding various details of the evening in question, such as the clothes the three were wearing, and the exact route Fiore took while "aimlessly" driving for several hours, does not detract from his essential testimony that he and appellant engaged in sex in the back of appellant's car. While Fiore's account of the incident in the front seat was contrary to Drapp's testimony, resolution of this conflict was a matter for the jury, whose role it is to determine credibility and weigh the evidence. As to the sexual acts occurring in the back seat, which formed the basis for the charges against appellant, Fiore testified that he observed Drapp "straddle" appellant, and saw bare skin.

Appellant's fourth assignment of error lacks merit.

■ In her fifth assignment of error, appellant argues that the jury verdict is against the manifest weight of the evidence, and relies upon the guidelines first set forth in *State v. Mattison* (1985), 23 Ohio App.3d 10, 23 OBR 43, 490 N.E.2d 926.

This court noted in *Lesher* that the *Mattison* guidelines were tacitly approved by the Supreme Court of Ohio in *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399–400. The guidelines are eight in number:

"1. The reviewing court is not required to accept as true the incredible;

"2. whether the evidence is uncontradicted;

"3. whether a witness was impeached;

"4. what was *not* proved;

"5. the certainty of the evidence;

"6. the reliability of the evidence;

"7. whether a witness' testimony is self-serving;

"8. whether the evidence is vague, uncertain, conflicting or fragmentary." (Emphasis *sic*.) *Mattison,* syllabus.

Appellant argues that the first of these guidelines is dispositive of the instant case, as it is incredible to believe Drapp's testimony that a fourteen-year-old boy maintained continuous arousal through ten to fifteen minutes of fellatio and thirty

to forty-five minutes of intercourse, all occurring in the back seat of a Honda Prelude, while another fourteen-year-old drove around aimlessly, and without noticing any activity in the back seat.

This court concludes that neither Drapp's nor Fiore's testimony is of such an incredible nature as to require a reversal, and notes that the jury was free to discredit Fiore's statement at trial that he did not observe any sexual activity and to believe the contrary statement made earlier to the police.

Finally, while the evidence produced by the state in the form of the testimony of Drapp and Fiore is at times vague, uncertain, fragmentary, and in certain non-essential points conflicting, we determine on the state of the entire record that there exists credible substantial evidence upon which the jury could reasonably find that all the elements of the offense in each count were proven beyond a reasonable doubt. See *State v. Seiber* (1990), 56 Ohio St.3d 4, 13, 564 N.E.2d 408, 418–419. Appellant's fifth assignment of error is without merit.

For the foregoing reasons, the judgment below is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.