Defendant-appellant, Deborah K. Wood, appeals a decision by the Madison County Court of Common Pleas. The trial court overruled appellant's delayed motion for a new trial filed pursuant to Crim.R. 33(A)(2) and (6). We affirm.
We have previously outlined the facts of this case in State v. Wood (Oct. 16, 1995), Madison App. No. CA94-11-039, unreported. Appellant and another individual, Sylvia F. Ward, were accused of the burglary of Ralph Parsons' apartment on May 10, 1994. Ward testified against appellant at appellant's trial and claimed that she and appellant burglarized Parsons' apartment. On October 26, 1994, appellant was found guilty by a jury of aggravated burglary, a violation of R.C. 2911.11. We affirmed appellant's conviction in Wood, Madison App. No. CA94-11-039.
On January 14, 1997, appellant filed a delayed motion for a new trial pursuant to Crim.R. 33(A)(2) and (6). Appellant claimed that she should be granted a new trial because of newly discovered evidence, which she was "unavoidably prevented from discovering prior to termination of her trial."
The trial court held a hearing on June 19, 1997. During the hearing, Ward testified and claimed that appellant was not involved with the burglary of Parsons' apartment. On July 7, 1997, the trial court overruled appellant's delayed motion for a new trial, holding that "Ward's recantation is false and her trial testimony [was] true. As such there is no probability of a changed result." Appellant appeals this decision and presents one assignment of error:
 TRIAL COURT ABUSED ITS DISCRETION IN DENYING MS. WOOD'S MOTION FOR A NEW TRIAL; THUS VIOLATING HER GUARANTEE OF DUE PROCESS, AS AFFORDED BY BOTH FEDERAL AND STATE CONSTITUTIONS.
Appellant argues that the trial court erred in not granting her delayed motion for a new trial because she claims that Ward's recant testimony was credible. Appellant contends that Ward's recant testimony was sufficient to show that witness misconduct occurred. Appellant also claims that Ward's recant testimony should be considered newly discovered evidence.
Appellant's delayed motion for a new trial was made pursuant to Crim.R. 33(A)(2) and (6). Crim.R. 33(A) states in part:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
* * *
 (6) When new evidence material to the defense is discovered, which the defendant would not with reasonable diligence have discovered and produced at the trial.
We will first discuss appellant's motion pursuant to Crim.R. 33(A)-(6) and then pursuant to Crim.R. 33(A)(2).
In order to overturn a trial court's determination of a motion for a new trial on grounds of newly discovered evidence pursuant to Crim.R. 33(A)(6), there must be a clear showing of abuse of discretion. State v. Pirman (1994), 94 Ohio App.3d 203, 209, discretionary appeal not allowed (1994), 70 Ohio St.3d 1426. A decision constitutes an abuse of discretion if it is "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
A claim of newly discovered evidence based upon the recantation by an important witness of his or her testimony "does not necessarily, or as a matter of law, entitle the defendant to a new trial." State v. Curnutt (1948), 84 Ohio App. 101, 110.
 When a motion for a new trial based on the recantation of trial testimony is brought in the trial court, the trial court must determine which of the contradictory testimonies of the recanting witness is credible and true and would the recanted testimony have materially affected the outcome of the trial.
Pirman, 94 Ohio App.3d at 209, quoting State v. Betz (Mar. 2, 1990), Trumbull App. No. 3906, unreported, at 4-5. Thus, it is the role of the trial court, as the finder of fact, to assess the credibility of the alleged recanting witness. Additionally, it should be remembered that "[r]ecanting testimony ordinarily is unreliable and should be subjected to the closest scrutiny." State v. Moore (1994), 99 Ohio App.3d 748, 755, quoting Taylor v. Ross (1948), 150 Ohio St. 448, paragraph three of the syllabus.
In reviewing the trial court's determination of credibility
 [o]ur role is very limited because we do not have the same opportunity that the trier of fact has in being able to see the witnesses testify and their demeanor while they testified. Instead, we have only the printed words of the record.
State v. Edwards (Feb. 17, 1998), Clermont App. No. CA97-04-035, unreported, at 12-13.
In the present case, the trial court found that "Ward's recantation is false and her trial testimony is true." A review of the complete record demonstrates that the trial court's finding that Ward's recantation was false was not unreasonable, arbitrary, or unconscionable. Therefore, we find that the trial court did not err in holding that appellant is not entitled to a new trial pursuant to Crim.R. 33(A)(6).
Appellant also claims pursuant to Crim.R. 33(A)(2) that a new trial should be granted alleging that Ward lied as a witness during appellant's trial. However, the trial court held that Ward's recantation was false and that her trial testimony was true. Therefore, we find that the trial court did not err in holding that appellant is not entitled to a new trial pursuant to Crim.R. 33(A)-(2).
Accordingly, appellant's assignment of error is overruled. Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.