Defendant-appellant, Richard W. Hunt, brings this accelerated appeal from a Butler County Court of Common Pleas decision that denied his motion for a new trial. We affirm.
On June 16, 1995, appellant was indicted for aggravated robbery with a firearm specification. A jury trial was commenced on October 23, 1995. At the trial, Thomas Adams and Eric Issacs testified that appellant participated with them in the robbery of a bingo hall in Fairfield, Ohio. This court previously summarized their testimony in affirming appellant's conviction for aggravated robbery with the firearm specification. See State v. Hunt (Nov. 25, 1996), Butler App. No. CA96-03-044, unreported.
On February 10, 1998, appellant filed for leave to file a motion for a new trial based upon newly discovered evidence. The newly discovered evidence was in the form of an affidavit executed by Thomas Adams which recanted his trial testimony and stated that appellant was not involved in the robbery of the bingo hall. On April 3, 1998, the trial court granted appellant leave to file a motion for a new trial and appellant's motion was subsequently filed on April 10, 1998. After the state filed a memorandum in response, the trial court denied appellant's motion for a new trial on June 17, 1998.
On appeal, appellant raises a single assignment of error asserting that the trial court erred by denying his motion for a new trial based upon newly discovered evidence. In order to reverse a trial court's denial of a motion for a new trial based upon newly discovered evidence, there must be a clear showing that the trial court abused its discretion. State v.Petro (1947), 148 Ohio St. 505, 507-508; State v. Pirman
(1994), 94 Ohio App.3d 203, 209, discretionary appeal not allowed (1994), 70 Ohio St.3d 1426. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Appellant's motion for a new trial was filed pursuant to Crim.R. 33(A)(6). Crim.R. 33(A) provides:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered, which the defendant would not with reasonable diligence have discovered and produced at the trial.
"A claim of newly discovered evidence based upon the recantation by an important witness of his or her testimony 'does not necessarily, or as a matter of law, entitle the defendant to a new trial.' " State v. Wood (June 1, 1998), Madison App. No. CA97-08-034, unreported, quoting State v.Curnutt (1948), 84 Ohio App. 101, 110. A motion for a new trial will only be granted if the trial court determines that the "new evidence" offered by the recanting witness is credible and also that the recanted testimony and the "new evidence" would have materially affected the outcome of the trial. See Pirman,94 Ohio App.3d at 209, citing Toledo v. Easterling (1985),26 Ohio App.3d 59, syllabus three.
At appellant's trial, both Thomas Adams and Eric Issacs testified in detail about appellant's participation in the robbery of the bingo hall. Evidence was also presented at appellant's trial which indicated that Adams had made conflicting statements prior to trial as to whether appellant participated in the robbery. Adams explained that he made a statement that appellant did not participate in the robbery because he feared for his life in jail and "[appellant] had told me on several occasions that his people could get to me if I did anything to get him in trouble." In the affidavit recanting his trial testimony, Adams states he falsely testified at trial that appellant participated in the robbery because he "had been receiving a great deal of pressure from the other co-defendant, Eric Issacs."
Adams' affidavit which recanted his trial testimony and stated that appellant did not participate in the robbery is merely cumulative to the inconsistent statements that were brought to the jury's attention at trial. Moreover, Issacs' detailed testimony at appellant's trial provided evidence, other than Adams' testimony, which showed that appellant participated in the robbery of the bingo hall. Under these circumstances, the trial court did not abuse its discretion by finding that Adams' trial testimony was more credible than the statements in his affidavit and that the recanted trial testimony and "new evidence" would not have materially affected the outcome of appellant's trial. See State v. Kinney (Aug. 21, 1998), Lake App. No. 97-L-034, unreported; State v. Betz (Mar. 2, 1990), Trumbull App. No. 3906, unreported. Accordingly, the trial court did not err by denying appellant's motion for a new trial and his assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.