DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff/Appellant, State of Ohio, appeals the order granting a new trial to Defendant/Appellee, Joel Covender entered by the Lorain County Court of Common Pleas. We reverse.
 {¶ 2} Defendant was indicted on April 20, 1994, on one count of gross sexual imposition in violation of R.C. 2907.05, a third-degree felony and one count of felonious sexual penetration in violation of R.C.2907.12, a first-degree felony for conduct against his minor stepdaughter. Defendant was tried and convicted on both counts on April 22, 1996. Defendant was sentenced to twelve *Page 2 
years of incarceration on the first conviction and eight to 25 years of incarceration on the second count. The sentences were to be served concurrently. On May 20, 1996, Defendant appealed his conviction and this Court affirmed the conviction and sentence on December 24, 1997, inState v. Covender (Dec. 24, 1997), 9th Dist. No. 09CA006457 ("Covender I ").
 {¶ 3} On April 11, 2007, after serving more than ten years of his sentence, Defendant moved for a new trial. The basis for his motion was that his former step-daughter, one of the complaining witnesses in his 1996 conviction, had recanted her trial testimony.[1] A hearing was held on June 14, 2007, and on July 18, 2007, the trial court granted Defendant's motion for new trial ("Judgment Entry"). The State timely appealed the judgment entry and has raised two assignments of error.
 First Assignment of Error "The trial court erred when it determined that [Defendant] presented newly discovered evidence in support of his motion for new trial."
 {¶ 4} The State asserts that the trial court erred when it determined that A.S.'s affidavit and testimony were newly discovered evidence. The State asserts that A.S.'s mother (Ms. Goode) was aware of A.S.'s doubts about the incident in *Page 3 
2002 or 2003, and that this information was provided to Project Innocence and Defendant at approximately the same time.
 {¶ 5} Defendant asserts that he did not learn of A.S.'s alleged recantation until his parole hearing in January of 2007, during which he learned that A.S. had asked the parole board to release him. Defendant maintains that, after he was released from prison in February 2007, his lawyer contacted A.S. and learned that she was willing to recant her trial testimony. Defendant asserts that he had no contact with A.S. while in prison and was not aware of her change of position until January 2007. Defendant does not address Ms. Goode's testimony that she advised him of A.S.'s change of position in 2002 or 2003. Defendant asserts that his motion for leave to file a motion for new trial was timely filed and his motion for new trial was filed within seven days after leave was granted by the trial court as required by Crim.R. 33(B).
 {¶ 6} A motion for new trial must be made within one hundred twenty days of the end of the proceedings if the basis for the motion is the discovery of new evidence. Crim.R. 33(B). "If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Id. "Clear and convincing proof requires more than a mere allegation that a defendant has *Page 4 
been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." State v. Mathis (1999),134 Ohio App.3d 77, 79, overruled on other grounds, 157 Ohio App.3d 26, 31.
 {¶ 7} To be considered newly discovered evidence, a "defendant must demonstrate that the evidence 1) is of such weight that it creates a strong probability that a different result would be reached if a new trial is granted; 2) was discovered after trial; 3) could not, in the exercise of due diligence, have been discovered before trial; 4) is material to the issues; 5) is not merely cumulative to the former evidence; and 6) does not merely impeach or contradict the former evidence." State v. Gilcreast, 9th Dist. No. 21533, 2003-Ohio-7177, at ¶ 55, citing State v. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 8} In his May 4, 2007 motion for leave to file a motion for new trial based on newly discovered evidence, Defendant asserted that he discovered that A.S. would allegedly recant her testimony in March of 2007. Defendant did not assert that he was unavoidably prevented from discovering the recantation and/or present clear and convincing evidence as to why he was so prevented. Neither does the trial court's May 8, 2007 order granting Defendant leave to file his motion for new trial based on newly discovered evidence contain a "finding that [Defendant] was unavoidably prevented from discovering the evidence within the *Page 5 
one hundred twenty day period," as required by Crim.R. 33(B).[2] The State, however, did not file a brief in opposition to Defendant's motion for leave and/or file any objections to the trial court's May 8, 2007 order granting leave. The State merely followed the trial court's briefing schedule and opposed the motion for new trial on May 29, 2007. Accordingly, the State has forfeited any argument as to the propriety of the trial court's determination that Defendant was entitled to move for a new trial based on newly discovered evidence. See Isquick v. DaleAdams Enterprises, Inc., 9th Dist. No. 20839, 2002-Ohio-3988, at ¶ 11-12; Sekora v. General Motors Corp. (1989), 61 Ohio App.3d 105, 112.
 {¶ 9} The State's first assignment of error is overruled.
 Second Assignment of Error "The trial court erred when it granted [Defendant's] motion for new trial."
 {¶ 10} The State asserts that the trial court erred when it granted Defendant's motion for new trial based on the alleged new evidence. The State asserts that Defendant had been aware that A.S. had no recollection of parts of her childhood in 2002-2003, and thus, this revelation was not newly discovered. The State further argues that, even if A.S.'s memory lapse could be construed as newly discovered evidence, it did not warrant a new trial because A.S.'s testimony and *Page 6 
affidavit did not recant her trial testimony. The State further maintains that the trial court erred in determining that A.S.'s testimony in her affidavit and at the new trial hearing, more than ten years after the incidents, was more reliable and credible than her testimony at trial. The State finally argues that, even if the trial court correctly determined that A.S.'s testimony in support of Defendant's new trial was a credible recantation of her trial testimony, there was still insufficient evidence that the alleged recantation would have been material to the outcome of the case. We resolved the issue of whether A.S.'s recantation was properly deemed to be newly discovered evidence in our discussion of the State's first assignment of error.
 {¶ 11} A decision to grant a motion for a new trial is within the sound discretion of the trial court State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of the syllabus. We will not disturb the trial court's decision absent an abuse of discretion. Id. A trial court may grant a motion for a new trial on the grounds that a witness has recanted her testimony when the trial court determines that the statements of the recanting witness are credible and true. State v.Perez (Sept. 27, 2000), 9th Dist. No. 3045-M, at *3. See, also,State v. Pirman (1994), 94 Ohio App.3d 203, 209. Newly discovered evidence that recants testimony given at trial is "looked upon with the utmost suspicion." State v. Elkins, 9th Dist. No. 21380, 2003-Ohio-4522, at ¶ 15, quoting State v. Saban (Mar. 18, 1999), 8th Dist. No. 73647, and State v. Germany (Sept. 30, 1993), 8th Dist. No. 63568. As it is the *Page 7 
trial court's duty to ascertain the credibility of the witness, "a motion for a new trial that is based on recanted testimony is to be granted only when the court is reasonably satisfied that the trial testimony given by a material witness was false." Elkins at ¶ 15, citingSaban and Germany, supra. See also, State v. Curnutt (1948),84 Ohio App. 101, 110-111.
 {¶ 12} Once a court determines that the recantation is to be believed, i.e., is more credible than the witness's trial testimony, the trial court must determine "whether [the statements] would materially affect the outcome of the trial." Perez at *3. See, also, Pirman,94 Ohio App.3d at 209. "Recantation by a significant witness does not, as a matter of law, entitle the defendant to a new trial." State v.Walker (1995), 101 Ohio App.3d 433, 435. Such decision is left to the sound discretion of the trial court. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 13} The State asserts that A.S.'s "recantation" does not recant her testimony at trial. We agree. A.S.'s affidavit filed in support of Defendant's motion for new trial states: *Page 8 
 "[Defendant] never hurt me or attempted to touch me in an inappropriate manner. He never touched me in my genital area or my anal area."
 * * *
 "Today as an adult I can confidently say that [Defendant] never molested me. * * * I felt pressure from the grownups involved to say what they wanted me to say."
A.S.'s affidavit states as she was only six at the time the abuse occurred, she does "not recall ever saying any of the statements supposedly made by me at that time."
 {¶ 14} At the new trial hearing on June 14, 2007, A.S. testified that she went to the Ohio State Parole Board of her own accord because she "believe[d] in [Defendant's] innocence[.]" A.S. testified:
 "Q. And your testimony is that what you stated in 1996 was not true?
 "A. Yes.
 "Q. Did Daddy, did Joel Covender ever touch you inappropriately?
 "A. No.
 "Q. Did he ever put his finger on your vagina?
 "A. No.
 * * *
 "Q. Had [Defendant] taken his finger and placed it and done what he allegedly or what was proven I guess back in 1996 up to today, had he done that, would you remember that?
 "A. Yes.
 "Q. And you know for a fact that did not happen, correct?
 "A. Yes." *Page 9 
 {¶ 15} While the above testimony does appear to contradict A.S.'s testimony at trial, on cross-examination, A.S. acknowledged that she did not remember most of her childhood and that she "just felt and knew it in her heart" that "these things didn't happen." A.S. also stated, that she "had no independent recollection of whether it happened, it was just [her] feelings." A.S. testified:
 "Q. Okay. So you're not testifying from any memory at this point, right?
 "A. No. But it is my belief that if these things had happened, I would remember them."
 * * *
 "Q. You don't know that for certain, do you?
 "A. For certain, no, I honestly cannot, you know, recall anything, but I know that this didn't happen."
A.S. further acknowledged that her affidavit was not accurate to the extent it offered her memory of the days she lived with Defendant. A.S. further stated that although "I may not remember a lot, * * * I know what kind of person I am, I would not block something like that out. I wouldn't. It's not who I am and it's not, it wouldn't be that way."
 {¶ 16} In its Judgment Entry, the trial court acknowledged this Court's admonishment in Elkins, supra, that trial courts are to view recanted testimony with "utmost suspicion." Elkins at ¶ 15. In light of this strict standard and the foregoing testimony, we hold that the trial court abused its discretion in ordering a new trial. A.S.'s testimony at the June 14, 2007 hearing did not recant her trial *Page 10 
testimony. A.S.'s testimony was not based on personal knowledge, as required by Evid. R. 602, but instead was based on "feelings" and "beliefs." A.S. expressly testified that she had no memory of the years during which the abuse took place. Accordingly, there is no evidence properly before the trial court that would have given the trial court the reasonable belief that A.S.'s trial testimony was false. Defendant's motion for new trial was improperly granted.
 {¶ 17} The State's second assignment of error is sustained.
 {¶ 18} The State's first assignment of error is overruled and the State's second assignment of error is sustained. The judgment of the trial court is reversed.
Judgment Reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 11 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
CARR, P. J. CONCURS
[1] Defendant was also tried and convicted during the same 1996 proceeding for similar conduct against his minor step-son, J.S. and the sentence imposed was for both convictions. J.S. also recanted his testimony in 2007, and Defendant moved for and was granted a new trial on that conviction as well. The State has not appealed from that part of the trial court's order.
[2] We note that the Judgment Entry does analyze this issue and make a finding that A.S.'s recantation is newly discovered evidence.