Zimmerman, J.
 

 One of the causes for granting a new trial is enumerated in Section 11576, General Code of Ohio, as follows:
 

 “7. Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial.”
 

 Turning to the record in the instant case we find that after appellant had testified fully as to his injury, ap
 
 *210
 
 pellees offered as' their witness Dr. Robert F. Thaw, an eye specialist of Akron, to testify on the same subject. He had examined and treated appellant’s eye shortly after the first accident, and saw him thereafter once or twice up to and including January 6th. He testified in part:
 

 ‘ ‘ The eyeball was cut, had a deep cut running transversely across the eye, almost in the center.” “It was through all the coats of the eye.” “He had loss of vitreous.” “He had no sight as long as I saw him.” “I advised him to have the eye enucleated.”
 

 Dr. Moore, of Cleveland, who enucleated or removed appellant’s eyeball on January 24, 1934, was temporarily out of the city during the trial. He had not been subpoenaed by either appellant or appellees before trial. However, appellees called as their witness Miss Louise E. Stewart, graduate nurse from the University of Michigan Hospital, who was assistant and secretary to Dr. Moore and had been for a period of over seven years. She brought with her Dr. Moore’s written record pertaining to appellant’s injury.
 

 She testified that when appellant arrived at Dr. Moore’s office on January 16th “he appeared perfectly normal” and bore no evidence of any recent injury. The witness was permitted to read that part of Dr. Moore’s record which he made in his office on January 16th, with some later notations. Extracts therefrom are as follows:
 

 “On January 1, 1934, at 4:00 p. m. was driving his own car coming from work on Richfield Hudson Road, Peninsula Road, was going up hill when machine backed out of driveway and stalled in road. In order to avoid striking this car, Domanski skidded his car into ditch. Struck accelerator and ran up bank and turned over. Glass from right door struck him in the right eye. Has pain in the right eye constantly.
 

 “Has straight linear scar 1% inches long from inner canthus outward and furrow extending down to the
 
 *211
 
 lid margin to outside of upper puneta. Right eye, lacerated wound, one centimeter long through ciliary body at two o’clock [referring to angle] in the center of the cornea.
 

 “Prolapse of iris and lens tissue into wound. Degenerative change in cornea. Cornea surface roughened. Iris is discolored. Marked ciliary reaction. Advised removal of eyeball as it is sightless. * * * Pick to right eye. Use atrophine ointment. Has been examined by Dr. Thaw at St. Thomas’ Hospital. To' enter Lakeside Hospital through dispensary for enucleation 1/24/34. * * * Prolapse of iris and lens tissue through wound for several days. * * *”
 

 Then follows an account of the operation and subsequent treatment and the further information that Domanski was discharged from the hospital, January 29, 1934.
 

 It will be noted in Dr. Moore’s rather full statement that there is nothing to show tha,t appellant complained of additional injury to his eye on January 16th, or that he made mention of any such occurrence. If he had, the absence of any comment thereon in Dr. Moore’s record was strongly indicative that the doctor did not consider this a factor of any consequence, and was of enough significance to suggest to appellees that his testimony would likely be favorable to their side of the case. Besides, the fact that appellant did not insist on the presence of Dr. Moore as a witness was in itself a most suspicious circumstance.
 

 For the protection of their own interests, we think it was the duty of appellees to have asked for a continuance to procure the attendance of Dr. Moore, or to give them the opportunity to interrogate him. Appellant had previously testified as to the injury and stated on cross-examination that he had told Dr. Moore about the second accident on the day it happened. For that reason the doctor could no longer have claimed immunity from questioning on the basis of privilege.
 

 
 *212
 
 However, appellees were seemingly content to rest their case and go to the jury. They took their chance and lost, and were not in a position thereafter to demand another trial on the ground of newly discovered evidence in so far as it related to Dr. Moore’s testimony.
 

 The cases generally agree that newly discovered evidence must be other than that which might have been known before the termination of a trial, had due diligence been used. Furthermore, new trials for newly discovered evidence are looked upon with disfavor by the courts, for the reason that the adoption of a favorable view would be prone to encourage loose practice. The granting or refusing of a new trial on the ground of newly discovered evidence rests largely within the sound discretion of the trial court, and where no abuse of discretion is manifest a reviewing court should not interfere.
 

 Appellees took Dr. Moore’s deposition ten days after the trial ended. Much of its contents is a substantial repetition of the record which Miss Stewart had read in evidence. New matter was principally to the effect that on January 16, 1934, appellant had mentioned an accident occurring that morning but had said nothing about a second injury to his eye, that there was no indication at that time of any injury within a few hours previously, and that the doctor had told both appellant and a representative of his at different times after the enucleation that he would not testify that.the second accident had anything to do with the loss of the eye.
 

 Both lower courts were apparently unwilling to disturb the verdict on the grounds that it was against the manifest weight of the evidence or so excessive in amount as to disclose passion or prejudice.
 

 In the light of the testimony of Dr. Thaw and Miss Stewart, which was before the jury, our inclination is toward the position of the trial court, that the testimony which Dr. Moore would no doubt give on another
 
 *213
 
 trial would be essentially cumulative, and while it might affect the question of damages it would probably not change the' general result.
 

 For the necessary elements to be shown to warrant the granting of a new trial based on the ground of newly discovered evidence, reference is made to the third paragraph of the syllabus in
 
 Sheen
 
 v.
 
 Kubiac,
 
 131 Ohio St., 52, 1 N. E. (2d), 943.
 

 We have read the entire record. There is evidence tending to show negligence and liability on the part of the appellees in connection with the collision. Appellant testified that his right eye “started clearing up ’ ’ between the first and second accidents, which was corroborated by some of his relatives; that he could distinguish light from darkness, could read newspaper headlines and could see falling snow.
 

 Appellant and his uncle both testified that in the see•ond accident appellant’s head struck the dash of his uncle’s car. Appellant stated he'thereupon felt a “stinging pain” in his eye; that after the first accident he “could sleep good and eat good. After the second accident it pretty near made me crazy.”
 

 Appellant’s aunt, Frances Jurawski, also testified that his eye was considerably worse after the second accident, and that “after the first accident he slept quite good, and after the second accident he couldn’t sleep at all. He was walking all nights, day and nights. Couldn’t sleep until he went for operation.”
 

 The record presents no errors, of law of sufficient moment to warrant a reversal of the trial court’s judgment.
 

 In our opinion the trial court did not abuse its discretion in declining to grant appellees’ motion for a new trial on the ground of newly discovered evidence, and the Court of Appeals committed error in reversing the judgment for that reason.
 

 Therefore, the judgment of the Court of Appeals is
 
 *214
 
 reversed and that of the Court of Common Pleas affirmed.
 

 Judgment of the Court of Appeals reversed and that of Common Pleas affirmed.
 

 Weygandt, C. J., Matthias, Day and Williams, JJ., concur.
 

 Myers, J., dissents.
 

 J ones, J., not participating.