Weygandt, C. J.
 

 The sole ground on which the Court of Appeals reversed the judgment for the defendant was that the Court of Common Pleas committed prejudicial error in refusing to grant the plaintiff’s “motion for a new trial on the basis of newly discovered evidence.”
 

 Was this correct?
 

 The unanimous verdict in favor of the defendant was rendered on December 13, 1946. Three days later attorneys, not of record but representing the plaintiff, interviewed the
 
 defendant
 
 and procured from him an affidavit containing a version of the accident favorable to the
 
 plaintiff.
 
 Three days thereafter the same attorneys obtained a second such affidavit from the defendant. And some weeks later still another such affidavit was obtained — all without the knowledge of the defendant’s own counsel.
 

 The three affidavits were filed by the plaintiff’s counsel in support of her motion for a new trial, and it was on the basis of these affidavits of the defendant that the Court of Appeals reversed the Court of Common Pleas for not granting the plaintiff a new trial.
 

 One of the strenuously contested fáctual issues in the case was whether the defendant’s automobile was on its left or wrong side of the middle lin’e of the highway when the collision occurred. During the trial the defendant testified that he was driving his car on the right side of the highway and that the approaching car was partly on the defendant’s side of the middle line. But in the affidavits he stated that both drivers
 
 *450
 
 were at fault and that both ears were astride the middle line of the highway.
 

 Furthermore, the record discloses still another statement signed by the defendant ten days after the collision. In that statement he referred to the approaching car and said that the “whole machine was on my side entirely.”
 

 Hence, the trial court was confronted by five statements of -the defendant — four in writing and the fifth in the form of testimony in open court. And during the presentation of the case in this court it was represented by counsel that two more affidavits have been signed by the defendant, since the trial, thus making a total of seven statements by him. However, the latter two are not in the record and therefore cannot be considered by this court on review.
 

 Under these circumstances was it error for the Court of Common Pleas to refuse to grant a new trial on the ground of newly discovered evidence?
 

 In 39 American Jurisprudence, 163, Section 156, the rule is summarized in part as follows:
 

 “Applications for new trials on the .ground of newly discovered evidence are not, however, favored by the courts, for the reason that the moving party has generally had ample opportunity to prepare his case carefully and to secure all of the evidence before the trial. Such applications, whether in a court of law or in a court of equity, are entertained with reluctance and granted with caution, not only because of the danger of perjury, but also because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict. In order to prevent, as far as possible, the fraud and imposition which defeated parties may be tempted to practice as a last resort to escape the consequence of an adverse verdict, an application setting up the discovery of new evidence should
 
 *451
 
 always be subjected to the closest scrutiny by the court. The applicant is required to rebut the presumption that the verdict is correct and that there has been a lack of due diligence and to establish other facts essential to warrant the granting of a new trial upon the ground of newly discovered evidence. The rule to be deduced from the cases is that where newly discovered evidence is of such conclusive nature, or of such decisive or preponderating character, that it would with reasonable certainty have changed the verdict or materially reduced the recovery, a new trial should be granted if it is satisfactorily shown why the evidence was not discovered and produced at the time of the trial. ’ ’
 

 In the syllabus in the case of
 
 Domanski
 
 v.
 
 Woda,
 
 132 Ohio St., 208, 6 N. E. (2d), 601, this court held:
 

 “1. New trials on the ground of newly discovered evidence are not favored, by the courts.
 

 “2.
 
 The granting or refusing of a new trial on the ground of newly discovered evidence rests largely within the sound discretion of the trial court, and when such discretion has not been abused reviewing courts should not interfere.”
 

 In the instant case the Court of Appeals did not find that the trial court abused its discretion.
 

 In the syllabus in the case of
 
 Sheen
 
 v.
 
 Kubiac,
 
 131 Ohio St., 52, 1 N. E. (2d), 943, this court held:
 

 “To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must
 
 *452
 
 not merely impeach or contradict the former evidence.”
 

 The following reasoning appears in the opinion in the case of
 
 State
 
 v.
 
 Wynn,
 
 178 Wash., 287, 34 P. (2d), 900:
 

 “The determination of snch matters rests in the sound discretion of the trial court, and its action will not be set aside except for clear and manifest abuse. The trial judge is in a peculiarly advantageous position, under the prevailing circumstances, to pass upon the showing made for a new trial. He has the benefit of observing the witnesses at the time of the trial, is able to appraise the variable weight to be given to their subsequent affidavits, and can often discern and assay the incidents, the influences, and the motives that prompted the recantation. He is, therefore, best qualified to determine what credence or consideration should be given to the retraction, and his opinion is accordingly entitled to great weight. If the rule were otherwise, the right of new trial would depend on the vagaries and vacillations of witnesses rather than upon a soundly exercised discretion of the trial court.”
 

 In his concurring opinion in the case of
 
 People
 
 v.
 
 Shilitano,
 
 218 N. Y., 161, 112 N. E., 733, L. R. A. 1916F, 1044, J udge Cardozo made the following comment:
 

 “Three witnesses for the prosecution have stated under oath to the trial judge that their testimony upon the trial was false. It became his duty to say whether they were conscience-stricken penitents, or criminal conspirators to defeat the ends of justice. He has held them to be conspirators. Unless we can say that he was wrong, and that they were not conspirators, but penitents, we have no right to reverse his order. But I do not see how we can say he'was wrong. I do not understand that even the judges who think this judgment should fie reversed, assert that he was wrong. Their view is that with such a conflict of oaths, he
 
 *453
 
 should have abandoned the search for truth, and turned it over to a jury. That would have been an easy avenue of escape from a solemn responsibility, but I cannot satisfy myself that along that avenue lay the path of duty. I think it was the duty of the trial judge to try the facts, and determine as best he could where the likelihood of truth lay. * * *
 

 “In the fulfillment of that duty, the judge who heard and saw the witnesses has held that there has been an attempt by the defendant ‘to poison the wells of justice.’ We ought not to set aside that decision on the facts unless it is clearly wrong. ’ ’
 

 At the trial in the instant case the twelve jurors saw and heard the defendant and all the other witnesses and were in position to determine their credibility. To a special interrogatory whether the defendant was guilty of illegally or unlawfully operating his automobile the unanimous answer was “No.”
 

 At the hearing on the motion for a new trial the trial court was in an advantageous position to determine what consideration and weight, if any, should be given to the several, conflicting affidavits procured from the defendant on behalf of the plaintiff, and to determine whether the defendant had become motivated with a desire to see his passenger recover because he was insured.
 

 Under these circumstances this court is of the view that the trial court did not abuse its discretion in overruling the plaintiff’s motion for a new trial. Hence, the judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.