By the Court.
 

 When these cases were before this court on motions to certify the records, counsel for Hightower stated the questions were (1) whether children who are born in lawful wedlock are presumed to be legitimate, (2) whether Section 12110, General Code, means a woman who was unmarried at the time the children were conceived and born and not unmarried when the complaint was made and (3) whether it is the duty of the woman who makes the complaint to prove impossibility of access by her husband during the period.
 

 Questions (2) and (3) are again presented on the merits, upon the records filed in this court, after motions to certify were allowed. Question (1), as now presented, is whether children who are conceived and born in lawful wedlock are presumed to be legitimate.
 

 The paternity of the children and the marital status of the complainant were determined by the Juvenile Court in its journal entries of October 24, 1947. The defendant later attempted to controvert paternity and marital status on the ground of newly discovered evidence presented by his motions for new trial filed under Section 11576, General Code.
 

 Unless the Juvenile Court committed error in overruling the motions for new trial and should have admitted the birth certificates in evidence, the records before this court are not sufficient for a determination of the aforestated three questions.
 

 Section 11576, General Code, provides that a new trial shall be granted for “newly discovered evidence,
 
 *96
 
 material for the party applying,
 
 which with reasonable diligence he could not have discovered and produced at the trial.”
 
 (Emphasis added.)
 

 There is nothing in the records of the present cases to show that the defendant exercised dne diligence or any diligence to discover and produce the certificates during the preliminary trial at which he changed his pleas from not guilty to guilty.
 

 In
 
 Domanski v. Woda,
 
 132 Ohio St., 208, 6 N. E. (2d), 601, this court held in the syllabus:
 

 “1. New trials on the ground of newly discovered evidence are not favored by the courts.
 

 “2.
 
 The granting or refusing of a new trial on the ground of newly discovered evidence rests largely within the sound discretion of the trial court, and when such discretion has not been abused reviewing courts should not interfere.
 

 “3. Newly discovered evidence is other than that which might have been known before the termination of a trial had due diligence been used.”
 

 The judgments of the Court of Appeals, affirming the judgments of the Juvenile Court, are affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.