[Cite as *State v. Trimble*, 2018-Ohio-3444.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-P-0062** |
| - vs - | : | |
| JAMES E. TRIMBLE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2005 CR 00022.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Stephen C. Newman*, Federal Public Defender, and *Joseph E. Wilhelm*, Assistant Federal Public Defender, Capital Habeas Unit, Skylight Office Tower, 1660 West Second Street, Suite 750, Cleveland, OH 44113; *Timothy Young*, Ohio Public Defender, and *Kathryn L. Sandford*, Supervisor, Death Penalty Division, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, James E. Trimble, appeals from the August 2, 2017 judgment entry of the Portage County Court of Common Pleas, overruling his motion for new trial. At issue on appeal is whether the trial court erred in denying appellant's request for discovery. The judgment is affirmed.

{¶2} On the night of January 21, 2005, appellant, armed with an assault rifle, murdered his girlfriend and her seven-year-old son at the couple's home in Ravenna, Ohio. Appellant then fled through a wooded area in his neighborhood, shooting at officers, and broke through a patio door at the home of Sarah Positano, a Kent State University student. Appellant took Ms. Positano hostage and ordered her to call the police. The hostage situation ended when appellant shot and killed Ms. Positano, followed by several hours of gunfire exchange between appellant and law enforcement. Appellant was taken into custody by SWAT officers that next morning.

{¶3} On October 25, 2005, a jury found appellant guilty of three counts of aggravated murder and accompanying specifications, three counts of kidnapping, one count of aggravated burglary, and two counts of felonious assault. The jury recommended imposition of the death penalty, and on November 8, 2005, the trial court sentenced appellant to death for each of the three aggravated murders. Appellant's conviction and sentence was affirmed on direct appeal by the Ohio Supreme Court. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961. Appellant was also denied postconviction relief. *State v. Trimble*, 11th Dist. Portage No. 2007-P-0098, 2008-Ohio-6409.

{¶4} On August 29, 2013, appellant filed a "Motion for Leave to File New Trial Motion" and a memorandum in support, pursuant to Crim.R. 33(B); appellant attached two e-mails and a response to a public records request. The first e-mail had been sent by former Portage County Deputy Sheriff Michael Muldowney to Dennis Day Lager, former Chief of the Portage County Public Defender's Office, on December 31, 2012. The e-mail stated:

2

[O]n or about October/November 2005/2006, I [Michael Muldowney] learned that a Rogue SWAT Officer was in Sara Positano duplex during the 2hr cool off period.

On or about October/November, of 2005/2006, I communicated what I learned and my concerns to then, Chief David Doak, of the Portage County Sheriff Office.

Approximately 3 years later, on or about, January 2009, I had a second conversation with Dave Doak as Portage County's newly elected Sheriff—reference the rogue officer * * *.

To date, I have no information on whether the information I passed on to Dave Doak went anywhere. I am reaching out to you—to make sure certain information about the Trimble case are known, so Justice can be served. [sic]

The second e-mail had been sent by Mr. Muldowney to Mark Rooks of the Office of the Ohio Public Defender on July 15, 2013, and stated: "I [Michael Muldowney] have reached out the best way I can to the County and Ohio Public Defenders Office with my e-mail—reference the Trimble case. Please let the Lawyers know that I want to move forward and be part of the process but I cannot move forward without receiving a subpoena first etc."

{¶5}   In his motion for leave, appellant asserted he did not purposely cause Ms. Positano's death.  Instead, appellant stated, the presence of law enforcement officers inside the residence caused appellant to accidentally shoot Ms. Positano.  This assertion was first made by appellant in a voluntary statement to law enforcement shortly after his arrest, in which he explained in detail that he saw an officer crawl across the living room floor and fire at him, which caused him to accidentally shoot Ms. Positano.  This statement was presented to the jury, as was expert testimony that demonstrated law enforcement shot at appellant from inside the residence; this evidence was contradicted, however, by prosecution witnesses.  The trial court instructed the jury on the lesser included offense

3

of involuntary manslaughter, but appellant's version of events as recounted in his statement to police was ultimately rejected by the jury.

{¶6} Appellant argued in his motion for leave that Mr. Muldowney's emails constituted "new evidence" that corroborates appellant's version of events and "impeaches prosecution witnesses who claimed that law enforcement did not enter Positano's house during the standoff." Appellee, the state of Ohio, opposed appellant's motion for leave, arguing appellant failed to show by clear and convincing evidence that he was unavoidably prevented from timely discovering the evidence he sought to introduce at a new trial. Appellee also argued that, had appellant included an affidavit in support of his motion, the affidavit would have been inadmissible hearsay.

{¶7} On October 8, 2013, the trial court overruled appellant's motion for leave, stating: "An e-mail sent by Michael Muldowney does not constitute evidence sufficient to grant a motion for leave to file notice for a new trial for newly discovered evidence. At a minimum, an affidavit is needed."

{¶8} This court reversed the trial court's judgment and remanded the matter because an affidavit was not required to support the motion for leave to file a motion for new trial. *State v. Trimble*, 11th Dist. Portage No. 2013-P-0088, 2015-Ohio-942, ¶18. Further, the trial court did not state whether it found appellant was "unavoidably prevented" from discovering the evidence, as required by Crim.R. 33(B). Because the trial court had not made that threshold determination, we were left with an insufficient record to review. *Id.*

{¶9} On remand, the trial court again overruled appellant's motion for leave, stating: "The Court finds the documents provided in support of Defendant's motion, namely emails from Michael Muldowney claiming indirect knowledge of a 'Rogue Swat

4

Officer' inside Sarah Positano's residence, do not demonstrate that Defendant was unavoidably delayed from discovering the evidence within the 120 day period pursuant to Crim.R. 33(B)."

{¶10} This court reversed the judgment and again remanded the matter to the trial court. *State v. Trimble*, 11th Dist. Portage No. 2015-P-0038, 2016-Ohio-1307, ¶32. We held, "the documents attached to appellant's motion for leave clearly and convincingly demonstrate, on their face, that appellant was unavoidably prevented from discovering the evidence within the 120-day time period." *Id.* at ¶22. We ordered the trial court to "enter judgment granting appellant leave to file a delayed motion for new trial. If appellant files such motion within seven days of the trial court's judgment granting leave, the trial court must consider the motion in accordance with Crim.R. 33." *Id.* at ¶32.

{¶11} On remand, appellant filed his delayed motion for new trial. Appellant also filed a motion for discovery and evidentiary hearing on April 22, 2016, seeking to depose Mr. Muldowney and to obtain Mr. Muldowney's personnel files from the Portage County Sheriff's Office, files regarding Ms. Positano's murder from the Portage County Prosecutor's Office, and files of all Metro SWAT Units involved in the incident. Appellee opposed the motion for discovery.

{¶12} The trial court held a status conference and hearing on June 16, 2016. The court ordered, and the parties submitted, additional authority regarding appellant's request to depose Mr. Muldowney and to obtain Mr. Muldowney's personnel files. On July 1, 2016, the trial court denied the motion, stating that Crim.R. 33 does not provide the court "with discretion to order the requested discovery in this case, but rather provides explicit direction as to the requisite production of affidavits by the defendant." Appellant moved for reconsideration, which the trial court denied. Appellant then filed a renewed

5

motion for discovery on December 23, 2016, seeking the same discovery he requested in his original motion.

{¶13} An evidentiary hearing was held on March 27, 2017. Mr. Muldowney appeared and testified, thus counsel acknowledged the request to depose Mr. Muldowney was rendered moot. Additionally, counsel acknowledged the Portage County Sheriff's Office had provided Mr. Muldowney's personnel files, rendering that discovery request moot. Subsequently, the Portage County Prosecutor's Office allowed appellant's counsel to review all relevant files, rendering that request moot.

{¶14} On August 2, 2017, the trial court overruled appellant's motion for new trial, stating:

> The Court having heard the evidence presented, observed the witnesses testify, and reviewing all exhibits provided, finds that the email from Mr. Muldowney does not constitute newly discovered evidence. The defense has not established that Mr. Muldowney possessed any information that would change the result if a new trial were granted. Attorney Lager presented the "rogue SWAT officer" defense at the trial and such was rejected by the jury. Mr. Muldowney offers no additional information other than what he allegedly heard [Deputy] Kevin Thorne say in the holding area. Although the Muldowney email was sent seven years after the trial, and could not have been discovered before trial, the information is not material to the issues and merely mirrors the original defense theory relating to Ms. Positano's death.

{¶15} Appellant filed a timely notice of appeal, asserting one assignment of error:

{¶16} "The trial court violated Appellant's due process rights and abused its discretion when it denied Appellant's request for discovery for the file maintained by the Metro SWAT unit."

**Standard of Review**

{¶17} Appellee initially contends that appellant has forfeited all but plain error review because "there was no reference to Trimble's denied request for discovery of

6

Metro SWAT files at the March hearing or in his post-hearing brief." We do not agree. Appellant made the request in a discovery motion, an application for reconsideration, and a renewed discovery motion. At the status conference held June 16, 2016, counsel stated: "We are asking the Court to depose Mr. Muldowney. We would also like, *in addition to the other records that we've requested on motion*, primarily we're asking for the Sheriff's Department file on Mr. Muldowney and we can depose him prior to a hearing on the merits of the new trial motion[.]" (Emphasis added.) Appellant's failure to rehash the issue in a subsequent evidentiary hearing and post-hearing brief does not equate to a forfeiture of appellate review.

{¶18} "Application of Crim.R. 33, which provides the particulars upon which a motion for a new trial may be brought, demands two standards of review depending upon the grounds relied upon by the movant." *State v. Johnson*, 1st Dist. Hamilton Nos. C-990482 & C-990483, 2000 WL 1714213, *6. If resolution of the issues within a motion for new trial requires the exercise of discretion, "*e.g.,* what was done or not done, said or not said, in the process of discovery, then a trial court will be reversed only upon a showing of abuse of that discretion." *Id.*; *see also State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus ("A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court[.]"). "Where the resolution of the issues within a motion for a new trial does not involve discretion, the trial court's decision must be shown to be erroneous as a matter of law." *Id. See also State v. Bentz*, 3d Dist. Allen No. 1-16-17, 2017-Ohio-5483, ¶134 (citations omitted).

{¶19} Therefore, the issues raised herein, which are related to the request for discovery, call for a review of the trial court's exercise of its legal discretion and will not be reversed absent an abuse of that discretion.

7

**Motion for New Trial**

{¶20} Appellant moved for a new trial pursuant to Crim.R. 33(A)(6), which provides: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶21} "When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case." *Id.*

{¶22} The movant has the burden to show that the new evidence: "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Petro*, 148 Ohio St. 505 (1947), syllabus; *State v. Rice*, 11th Dist. Ashtabula No. 2012-A-0062, 2014-Ohio-4285, ¶13.

**Discovery Request**

{¶23} Appellant has limited the focus of the instant appeal to the trial court's denial of appellant's discovery motion as it pertains to the files of all Metro SWAT Units involved in the incident. The entirety of this request is as follows:

8

Trimble asks that the Court order all Metro SWAT units involved in the Ranfield Road incident to provide all files pertaining to this case. This request includes, but is not limited to, all activity and communication logs of law enforcement personnel as well as any recordings of the incident. If the Court will not permit Trimble to obtain these files, then Trimble alternatively requests that the Court review such files *in camera* for any evidence that indicates the presence of unauthorized law enforcement personnel inside the Positano residence and/or an unauthorized shot or shots fired after the stand-down order. Similar to the above request, Trimble asks the Court that if it declines to release any of the discovery to Trimble's counsel after conducting an *in camera* review, any such records be sealed for subsequent appellate court review.

{¶24} Appellant asserts the trial court abused its discretion in denying this request because he demonstrated "good cause to warrant an entitlement to discovery to further develop his new trial motion." We do not agree.

{¶25} "Newly discovered evidence" is, by definition, that "which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6); *Petro*, *supra*, at syllabus. "Where during the trial of a case a party is given reasonable cause to believe that favorable and available evidence of a material nature exists, it is his duty, in the exercise of due diligence, to ask for a continuance, if necessary, to investigate, and to produce such evidence, if found." *Domanski v. Woda*, 132 Ohio St. 208 (1937), paragraph four of the syllabus. "Having finally submitted the case without doing so, and having searched for and found the evidence after verdict, he may not then successfully claim the right to a new trial on the basis that such evidence is newly discovered." *Id.*

{¶26} This court previously held that appellant was entitled to file a delayed motion for new trial based on the discovery of Mr. Muldowney's emails: "It would be unreasonable to hold that appellant should have (or could have) discovered Mr. Muldowney's emails within 120 days of the verdict when the e-mails were not sent or received until over seven

9

years later." *Trimble*, 2016-Ohio-1307, ¶22. For the same reason, appellant could not with reasonable diligence have discovered and produced Mr. Muldowney's emails or testimony at trial.

{¶27} We do not reach the same conclusion with regard to the Metro SWAT Unit files. The prosecution provided appellant with documents obtained from the Metro SWAT Unit prior to trial; these documents were used during trial and in support of appellant's motion for new trial. Metro SWAT officers also testified at trial and were cross-examined by defense counsel. Further, defense counsel presented evidence at trial in support of its theory that the unauthorized presence of law enforcement officers inside the residence caused appellant to accidentally shoot Ms. Positano. This is, therefore, not a new theory of appellant's defense, and the purported files are merely cumulative to the evidence appellant presented at trial. Further, the purported files do not fall under the legal definition of "newly discovered evidence." It was appellant's duty at the time of trial to exercise due diligence to investigate and produce such evidence from the Metro SWAT Unit, if found, as he was aware of its possible existence at that time. Because appellant could have discovered any additional files prior to the verdict, by investigation or subpoena, he cannot successfully claim the right to a new trial on the basis that he has yet to actually discover them.

{¶28} Appellant additionally posits that the trial court violated his constitutional right to Due Process by denying him the opportunity to develop the factual basis for a claim that, if proven, would entitle him to relief. This argument is not well taken. The trial court afforded appellant a hearing with full subpoena power, at which he presented testimony of two witnesses, multiple affidavits and exhibits, as well as a post-hearing brief. While appellant did issue other subpoenas for the hearing, appellant offered no

10

explanation as to why he did not issue a subpoena for the Metro SWAT records. Further, as stated above, he had the opportunity prior to trial for additional discovery as it pertained to the Metro SWAT Unit files and the opportunity to present relevant testimony and cross-examine Metro SWAT officers at trial. The purpose of Crim.R. 33 is not to assist a convicted defendant, after he or she has been afforded a full and fair trial, with a fishing expedition for new evidence that may not even exist.

{¶29} Finally, appellant asserts he was denied Equal Protection under the law as an indigent defendant. He fails to establish, however, how his indigency in any way affected the discovery ruling in this case.

{¶30} The trial court did not abuse its discretion in failing to grant appellant's discovery request.

{¶31} Appellant's sole assignment of error is without merit.

{¶32} The judgment of the Portage County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.


_____


DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶33} I agree with the judgment of the majority, affirming the trial court's denial of Trimble's request for discovery. I write separately to emphasize that this matter should never have proceeded to the discovery process or a hearing, given that Trimble clearly

11

failed to demonstrate an unavoidable delay in the discovery of evidence in 2013, when the trial court initially denied his request for leave to file a motion for a new trial.

**{¶34}** In two prior appeals, this court reversed the trial court's determination that Trimble failed to meet the requirements necessary to move for a new trial. *State v. Trimble*, 2015-Ohio-942, 30 N.E.3d 222 (11th Dist.); *State v. Trimble*, 11th Dist. Portage No. 2015-P-0038, 2016-Ohio-1307. As explained in my dissenting opinions, this court's decisions in those cases were inconsistent with the facts and circumstances of this case.

**{¶35}** In the present matter, the majority states as justification for the prior remands that Trimble "was entitled to file a delayed motion for new trial" since he could not have discovered the evidence at issue, e-mails from former deputy sheriff Michael Muldowney, "with reasonable diligence" at trial or within 120 days of the verdict. *Supra* at ¶ 26. This conclusion, that the evidence in question was "newly discovered evidence," is unsupported by the facts of this case.

**{¶36}** The documents attached to Trimble's motion, unsworn e-mails from a former deputy sheriff, fell far short of establishing "by clear and convincing proof" that he was unavoidably prevented from discovering the evidence concerning "a Rogue Swat Officer" on which he relied. The deficiencies in Trimble's motion for leave were manifold.

**{¶37}** It was not demonstrated that Trimble exercised any diligence in attempting to discover the purported evidence of a "rogue officer." The existence of such evidence was known to Trimble and presented to the jury at trial, as was evident from his arguments on direct appeal in the Ohio Supreme Court: "Trimble contends that he was entitled to an instruction on reckless homicide because he accidentally killed Positano after being surprised by SWAT team members entering the residence. Trimble claims that this assertion is supported by his promise that he would release the victim after two hours and

12

* * * expert testimony that one of the bullets fired by the SWAT team originated from inside the residence." *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 193. Moreover, Trimble was aware of Muldowney's existence and involvement, albeit minor, in the events following the victim's murder. The majority has essentially presumed the exercise of due diligence on Trimble's part despite the absence of evidence of any diligence being exercised.

{¶38} The purportedly "newly discovered evidence" cited by Trimble in his motion did not qualify as evidence. Muldowney merely claimed to have learned what Trimble had already argued at trial. There was no indication that Muldowney had first-hand knowledge of the presence of an officer in the victim's apartment or how he learned of this information. Without knowing what Muldowney's evidence was, it was virtually impossible for Trimble to demonstrate that he could not have discovered the evidence sooner.

{¶39} Furthermore, as to the discovery matter at issue in the present appeal, the majority recognizes that Trimble could have examined the SWAT documents at trial but failed to do so and that it was Trimble's duty to exercise due diligence in accessing such documents previously. The majority further notes that the files were "cumulative to the evidence presented at trial." The same analysis, as discussed above, should have been applied to Trimble's motion for leave in the prior two appeals. The e-mails from Muldowney duplicated the already asserted claim that there was a rogue officer and Trimble was aware of Muldowney's involvement but failed to inquire further. Under that analysis, a remand of this case, on two occasions, was unwarranted and unnecessary.

{¶40} With the foregoing reservations, and given the majority's incorrect assertion that the prior remands in two appeals were warranted, I concur in judgment only.

13