IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :          Case No.   18CA7

    vs.                                    :

MICHAEL E. HEDGES,            :          DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

Scott P. Wood, Lancaster, Ohio, for Appellant.

Benjamin E. Fickel, Hocking County Prosecuting Attorney, Logan, Ohio, for Appellee.


CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:12-3-18
ABELE, J.

{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment that overruled a Crim.R. 33 motion for a new trial.  Michael E. Hedges, defendant below and appellant herein, assigns the following error for review:

> "THE TRIAL COURT ABUSED ITS DISCRETION IN
> OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL
> BASED ON NEWLY DISCOVERED EVIDENCE."

{¶ 2} In 2015, a jury found appellant guilty of: (1) illegal manufacture of drugs in violation of R.C. 2925.04(A); (2) illegal assembly or possession of chemicals for the

manufacture of drugs in violation of R.C. 2925.041(A); (3) having weapons while under disability in violation of R.C. 2923.13(A)(4); and (4) aggravated possession of drugs in violation of R.C. 2925.11(A).

{¶ 3} Appellant appealed. *State v. Hedges*, 4th Dist. Hocking No. 15CA21, 2016-Ohio-5038, 2016 WL 3919844. He asserted, in part, that the trial court erred by allowing Hocking County Sheriff's Deputy Alex Brown to testify regarding the out-of-court statements that Lindsay Burkhart gave to the deputy on the date officers searched the residence appellant had been renting. The officer essentially testified that Burkhart implicated appellant and that she stated that appellant had been manufacturing methamphetamine at the residence.

{¶ 4} On appeal, we determined that, even in the absence of Burkhart's testimony, the record contained "overwhelming" evidence of appellant's guilt. *Id.* at ¶ 16. We thus affirmed the trial court's judgment of conviction and sentence. Appellant later filed an application for reconsideration, that we denied. *State v. Hedges*, 4th Dist. Hocking No. 15CA21 (Sept. 12, 2016). Appellant also unsuccessfully sought review in the Ohio Supreme Court. *State v. Hedges*, 148 Ohio St.3d 1410, 2017-Ohio-573, 69 N.E.3d 750.

{¶ 5} On May 30, 2017, appellant filed a motion for a new trial. Appellant asserted that he recently obtained new evidence that Deputy Brown's testimony regarding Burkhart's statements was false. To support his allegation, appellant submitted Burkhart's affidavit. In her affidavit, Burkhart claimed that Deputy Brown falsely testified. Burkhart averred that during her conversation with law enforcement officers, she did not implicate appellant in the manufacturing of methamphetamine. She stated that she reviewed Deputy Brown's trial testimony and that his "testimony regarding her statements is false and fraudulent." She stated

that if the court granted appellant a new trial, she would testify that appellant was not involved in methamphetamine manufacturing.

{¶ 6} At the trial court's hearing to consider appellant's new trial motion, Burkhart testified that she did not tell Deputy Brown that appellant had manufactured methamphetamine and that his testimony to the contrary was false. Burkhart also explained why she did not offer this same testimony during appellant's trial, even though she had been subpoenaed. Burkhart related that the prosecutor had agreed to release her from jail if she agreed to testify against appellant, and that she lied in order to be released from jail. She further related that, rather than appearing for trial and testifying that appellant manufactured methamphetamine, she chose not to appear at trial because she believed that if she had testified as the prosecutor wished, she would have committed perjury.

{¶ 7} Burkhart additionally explained that on the date that the officers searched appellant's residence, she had slept there one night but did not live at the residence. Burkhart testified that appellant was the only person who lived at the residence and the only person who rented the residence. She stated that she did not know of anyone else who had been staying at the residence.

{¶ 8} On April 6, 2018, the trial court denied appellant's motion for a new trial. The court determined that Burkhart's testimony would serve only to impeach or contradict Deputy Brown's testimony. The court additionally determined that due to the "overwhelming" evidence presented at trial, Burkhart's testimony would not likely lead to a different result if the court ordered a new trial.

{¶ 9} In his sole assignment of error, appellant asserts that the trial court's denial of the

motion for a new trial constitutes an abuse of discretion. Appellant contends that if the court granted a new trial, Burkhart would testify that she did not implicate appellant in the manufacturing of methamphetamine and that her testimony would not serve only to impeach or contradict evidence, but also leave the state without any evidence to implicate appellant in the manufacturing of methamphetamine. Appellant therefore contends that Burkhart's testimony would, in fact, lead to a different result if the court granted a new trial.

{¶ 10} "The decision whether to grant a new trial on grounds of newly discovered evidence falls within the sound discretion of the trial court." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 85; *accord State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993); *State v. Stewart*, 4th Dist. Washington No. 02CA29, 2003–Ohio–4850, ¶ 10. Consequently, we will not reverse a trial court's decision denying a Crim.R. 33(A)(6) new trial motion unless the court abused its discretion. *State v. Hatton*, 4th Dist. Pickaway No. 13CA26, 2014-Ohio-03601, ¶ 9. An "abuse of discretion" means that the court acted in an "'unreasonable, arbitrary, or unconscionable'" manner or employed "'a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland*, 140 Ohio St.3d 73, 2014–Ohio–1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008–Ohio–4493, 894 N.E.2d 671, ¶ 23. Moreover, a trial court generally abuses its discretion when it fails to engage in a "'sound reasoning process.'" *State v. Morris*, 132 Ohio St.3d 337, 2012–Ohio–2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Additionally, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *State v. Darmond*, 135 Ohio St.3d 343,

2013–Ohio–966, 986 N.E.2d 971, ¶ 34.

{¶ 11} Crim.R. 33(A)(6) permits a trial court to grant a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."  However, trial courts should subject Crim.R. 33(A)(6) new trial motions to the closest scrutiny:

> "Applications for new trials on the ground of newly discovered evidence are not, however, favored by the courts, for the reason that the moving party has generally had ample opportunity to prepare his case carefully and to secure all of the evidence before the trial.  Such applications, whether in a court of law or in a court of equity, are entertained with reluctance and granted with caution, not only because of the danger of perjury, but also because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict.  In order to prevent, as far as possible, the fraud and imposition which defeated parties may be tempted to practice as a last resort to escape the consequence of an adverse verdict, an application setting up the discovery of new evidence should always be subjected to the closest scrutiny by the court.  The applicant is required to rebut the presumption that the verdict is correct and that there has been a lack of due diligence and to establish other facts essential to warrant the granting of a new trial upon the ground of newly discovered evidence.  The rule to be deduced from the cases is that where newly discovered evidence is of such conclusive nature, or of such decisive or preponderating character, that it would with reasonable certainty have changed the verdict or materially reduced the recovery, a new trial should be granted if it is satisfactorily shown why the evidence was not discovered and produced at the time of the trial."

*Taylor v. Ross*, 150 Ohio St. 448, 450–51, 83 N.E.2d 222, 224 (1948), quoting 39 American Jurisprudence, 163, Section 156; *accord Domanski v. Woda*, 132 Ohio St. 208, 6 N.E.2d 601 (1937).

{¶ 12} Thus, before a trial court may grant a new trial based upon newly discovered evidence, a defendant must demonstrate the following:

> the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could

not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus; *accord State v. Seiber*, 56 Ohio St.3d 4, 17, 564 N.E.2d 408 (1990).

{¶ 13} In the case sub judice, we do not believe that the trial court abused its discretion by overruling appellant's new trial motion. Instead, the trial court could have reasonably determined that Burkhart's testimony would serve only to impeach or contradict Deputy Brown's testimony, and that even if introduced at a new trial, the testimony did not establish a strong probability that it would change the result of a new trial. As the trial court observed, as we noted in our previous decision, the record contains overwhelming evidence of appellant's guilt. Furthermore, we believe that Burkhart's new testimony, if offered at trial, actually would strengthen the state's case. Burkhart stated that only appellant lived at the residence where law enforcement officers discovered extensive evidence of methamphetamine manufacturing. Although Burkhart testified that she had simply spent one night at the residence and that no one else had been living at the residence, she did not testify that she had been the individual responsible for manufacturing methamphetamine. Rather, she simply claimed that the officer's trial testimony falsely related the statements that she made in her January 2014 interview. Thus, even with her new testimony, the evidence establishes that either she or appellant was the individual responsible for the methamphetamine manufacturing. In view of the overwhelming amount of methamphetamine manufacturing materials discovered at the residence, appellant's significant connection to the residence, and the lack of any evidence to show that any other person lived or had access to the residence (other than Burkhart's one-night stay), we do not

conclude that if the trial court had granted a new trial, a strong probability exists that Burkhart's testimony would change the outcome.

{¶ 14} Additionally, we point out that the trial court had the opportunity to view Burkhart's demeanor and could have found her new testimony not credible. *State v. Meek*, 10th Dist. Franklin No. 16AP-549, 2017-Ohio-9258, 2017 WL 6612968, ¶ 28 (observing that trial court reviewing new trial motion is "in the best position to judge the credibility of the witness"). Burkhart is an admitted liar. She admitted that at the time of appellant's trial, she lied to the prosecutor so that she would be released from jail. She then claimed that she did not appear in court to testify, even though she had been subpoenaed, because she did not want to commit perjury by falsely accusing appellant. Another possibility, however, is that she chose not to appear because she decided to try to evade responsibility for her own involvement in the methamphetamine-related crimes that occurred at appellant's residence. Even if the now-imprisoned Burkhart currently lacks any motive to lie, the trial court could have quite rationally concluded that none of her statements that disavowed Deputy Brown's testimony was credible. Consequently, after we consider the totality of the circumstances, we are unable to conclude that the trial court's denial of appellant's new trial motion constitutes an abuse of discretion.

{¶ 15} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

                                                                                                JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed as modified and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.