[Cite as *State v. Maurent*, 2018-Ohio-5304.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18CAA070053 |
| FELIX A. MAURENT | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Criminal appeal from the Delaware County Court of Common Pleas, Case No. 12CR-I-02-0063

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 26, 2018

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

DELAWARE COUNTY PROSECUTOR
BY: KYLE E. ROHRER
P.O. BOX 8006
DELAWARE, OH 43015

FELIX A. MAURANT   PRO SE
TRUMBULL CORRECTIONAL
INSTITUTION
BOX 901
LEAVITTSBURG, OH 44430-0901

*Gwin, P.J.*

{¶1} Appellant Felix A. Maurent appeals from the decisions of the Delaware County Court of Common Pleas overruling his motion for leave to file a motion for a new trial.

*Facts and Procedural History*

{¶2} Maurent was found guilty after a jury trial and sentenced on Count 1 (aggravated burglary), 8 years plus 3 years for the firearm specification; Counts 2 (aggravated burglary) and 3 (kidnapping) merged with Count 1 and no sentence was imposed; Count 4 (kidnapping), 3 years; Counts 5 (kidnapping) and 6 (kidnapping) merged with Count 4 and no sentence was imposed; Count 13 (extortion), 24 months; Count 14, extortion, 12 months, and Count 15, extortion, 12 months. The trial court specified the terms as to Counts 4 and 13 are to be served concurrently; the terms as to Counts 14 and 15 are to be served consecutively.

{¶3} This Court upheld Maurent's convictions and sentences. *State v. Maurent,* 5th Dist. Delaware No. 12 CAA 05 0055, 2013-Ohio-3799. The Ohio Supreme Court decline to review Maurent's case. *State v. Maurent,* 137 Ohio St.3d 1473, 2014-176, 2 N.E.3d 269, *reconsideration denied*, 138 Ohio St.3d 1452, 2014-Ohio-1182, 5 N.E.3d 668. Maurent's petition for habeas corpus was denied. *Maurent v. Ross Correctional Institution*, 6th Cir. No. 2:14-CV-2296, 2016 WL 1436680 (Apr. 11, 2016), *reconsideration denied*, 6th Cir. No. 2:14-CV-2296, 2016WL2853586 ((May 16, 2016). Maurent's Motion for a Certificate of Appealability was denied. *Maurent v. Ross Correctional Institution,* S.D.Ohio No. 2:14-CV-2296, 2016 WL 3148636(June 3, 2016), *appeal denied*, *Maurent v. Hooks,* 6th Cir. No. 16-3580, 2017 WL 5952266(Apr. 25, 2017).

{¶4} On May 17, 2018, Maurent filed a motion for leave to file a motion for a new trial. The trial court denied the motion without hearing by Judgement Entry filed June 19, 2018.

*Assignments of Error*

{¶5} Maurent raises two assignments of error,

{¶6} "I. THE TRIAL COURT ERRED IN DENYING MAURENT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION § 10 OF THE OHIO CONSTITUTION.

{¶7} "II. THE TRIAL COURT ERRED IN NOT HOLDING A HEARING ON MAURENT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION § 10 OF THE OHIO CONSTITUTION."

I. & II.

{¶8} Maurent contends in his two assignments of error that the trial court erred in denying his motion for leave to file a motion for a new trial without a hearing.

**Standard of Appellate Review.**

{¶9} Crim.R. 33 governs new trials. Subsections (A)(6) and (B) state the following:

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

* * *

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶10} The Ohio Supreme Court has set forth the following requirements concerning motions for a new trial based upon newly discovered evidence:

To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, it must be shown that the new evidence (1)

discloses a strong probability that it will change the result of a new trial if granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence.

*State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370(1947), *syllabus.  Accord*, *State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227(1993), *syllabus; State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶85.

{¶11} The decision whether to grant a new trial on grounds of newly discovered evidence falls within the sound discretion of the trial court.  *State v. Hawkins*, 66 Ohio St.3d at 350, 612 N.E.2d 1227.  We cannot reverse unless there has been a gross abuse of that discretion, and whether that discretion has been abused must be disclosed from the entire record.  *State v. Petro,* 148 Ohio St. at 507- 508, 76 N.E.2d 370, q*uoting State v. Lopa*, 96 Ohio St. 410, 411, 117 N.E. 319(1917).

{¶12} Crim.R. 33(B) provides that if a defendant fails to file a motion for a new trial within 120 days of the jury's verdict, he or she must seek leave from the trial court to file a delayed motion.  To obtain leave, the defendant must show by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days.  *State v. Lordi*, 149 Ohio App.3d 627, 2002–Ohio–5517, 778 N.E.2d 605, ¶ 26–27.  Clear and convincing proof is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.  *In re Adoption of Holcomb,* 18 Ohio St .3d 361, 368, 481 N.E.2d 613(1985); *Lordi, supra*, at ¶ 26.

**{¶13}** "The question of whether to decide a motion on the supporting evidence filed with the motion or to hold an evidentiary hearing is within the discretion of the trial court." *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir.1986); *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶13 (8th Dist.).

**ISSUE FOR APPEAL**

A. Whether the trial court abused its discretion in denying Maurent's motion for leave to file a motion for a new trial without a hearing.

**{¶14}** The evidence Maurent is relying upon for his motion for new trial is the federal search warrant that was issued to the FBI by a district judge in New Jersey for the purposes of searching Maurent's residence as part of an investigation relating to the present case. Maurent contends that the search warrant is invalid, and that use of evidence obtained by the subsequent search denied him his right to a fair trial. [Appellant's Brief at 4).

**{¶15}** The search warrant is not newly discovered evidence. The warrant was executed before Maurent's jury trial. In the material attached to Maurent's motion is a letter from Maurent's trial attorney. The letter has attached several pages of the search warrant with the explanation that counsel no longer has Maurent's physical file. The portions were all counsel could retrieve from his hard drive. Clearly, Maurent's trial attorney had access to and reviewed the search warrant. The FBI agent who applied for and executed the search warrant testified both during a suppression hearing regarding Maurent's claimed *Miranda* rights violation and during his jury trial. She was therefore available for cross-examination concerning the warrant and its execution.

{¶16} Trial courts should subject Crim.R. 33(A)(6) new trial motions to the closest scrutiny:

Applications for new trials on the ground of newly discovered evidence are not, however, favored by the courts, for the reason that the moving party has generally had ample opportunity to prepare his case carefully and to secure all of the evidence before the trial. Such applications, whether in a court of law or in a court of equity, are entertained with reluctance and granted with caution, not only because of the danger of perjury, but also because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict. In order to prevent, as far as possible, the fraud and imposition which defeated parties may be tempted to practice as a last resort to escape the consequence of an adverse verdict, an application setting up the discovery of new evidence should always be subjected to the closest scrutiny by the court. The applicant is required to rebut the presumption that the verdict is correct and that there has been a lack of due diligence and to establish other facts essential to warrant the granting of a new trial upon the ground of newly discovered evidence. The rule to be deduced from the cases is that where newly discovered evidence is of such conclusive nature, or of such decisive or preponderating character, that it would with reasonable certainty have changed the verdict or materially reduced the recovery, a new trial should be granted if it is satisfactorily

shown why the evidence was not discovered and produced at the time of

the trial.

*Taylor v. Ross*, 150 Ohio St. 448, 450–51, 83 N.E.2d 222, 224 (1948), *quoting* 39

American Jurisprudence, 163, Section 156; *accord Domanski v. Woda*, 132 Ohio St. 208,

6 N.E.2d 601 (1937).

**{¶17}** Maurent does not state with particularity exactly how the warrant was

defective. He points to nothing within the documents provided by his trial counsel to

demonstrate any irregularity in the issuance of the warrant. Rather, Maurent merely

proposed a series of generalities based upon an unsubstantiated possibility. Maurent

merely posits that the information might allow him to move for suppression of unidentified

evidence obtained pursuant to the search warrant. "Mere speculation does not meet the

accused's burden to show that the withheld evidence is material." *State v. Rivas*, 121

Ohio St.3d 469, 2009-Ohio-1354, 905 N.E.2d 618, ¶ 14. In none of the previous filings,

has Wilson alleged that his trial counsel was ineffective in failing to move to suppress the

search of his residence.

**{¶18}** Maurent has not demonstrated he was unavoidably prevented from

discovering the alleged newly discovered evidence. Moreover, the alleged evidence is

unlikely to have affected his trial's outcome. *See United States v. Smith,* 749 F.3d 465,

493 (6th Cir. 2014); *Slagle v. Bagley*, 457 F.3d 501, 527 (6th Cir. 2006).

**{¶19}** Having concluded that Maurent had failed to demonstrate he was

unavoidably prevented from discovering the alleged newly discovered evidence and failed

to demonstrate a strong probability that the new evidence would change the outcome if a

new trial were granted, we hold that the trial court did not abuse its discretion in denying the motion for a new trial without a hearing.

{**¶20**} Maurent's First and Second Assignments of Error are overruled.

{**¶21**} The judgment of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. EARLE E. WISE, JR.

WSG:clw 1214